## Employment of Accountant by Second Class School District

ARNOLD, Deputy Attorney General, March 27, 1934.—You have asked us whether under section 2603 of the School Code of 1911, as last amended by the Act of June 1, 1933, P. L. 1152, a school district of the second class which has annual expenditures in excess of $500,000 may appoint a certified public accountant to audit its accounts and thereby displace the audit provided by law to be made by the controller of the municipality in which the district is located.

Section 2603 of the code must be read with section 2601. As amended, they read as follows:

"Section 2601. The finances of every school district in this Commonwealth, in every department thereof, together with the accounts of all school treasurers, school depositories, teachers' retirement funds, teachers' institute funds, directors' association funds, sinking-funds, and other funds belonging to or controlled by the district, shall be properly audited as follows: . . .

"Section 2603. In all school districts of the second and third class, by the controller or auditors of the city, borough, incorporated town, or township in which the whole or the greater or greatest portion of the area of each such district shall be located. When in any school district of the second class the annual expenditures, exclusive of moneys received from the sale of bonds, shall exceed the sum of five hundred thousand dollars, such district may employ a certified public accountant within sixty days from the close of the fiscal year."

In Employment of Accountant by School District, 17 D. & C. 507, we said that we regarded section 2603 of the School Code as applying to the employment

654

of certified public accountants only to assist in or to check on the regular annual audit. We have no reason to depart from the opinion so expressed, but, since the question before us at that time did not directly involve this issue, we shall discuss it further here.

The provisions of sections 2601 and 2603, insofar as they direct the regularly elected auditors or controllers of municipal subdivisions to audit the accounts of school districts, are clear and positive. The authority given to certain school districts to employ special accountants in no way intimates an intention to substitute such accountants for these officers. If it had been the intention of the legislature to bring about any such result, it is reasonable to suppose that the legislature would have used language clearly authorizing the change. A clear provision for a substitution of this kind appears in section 520 of The First Class Township Law of June 24, 1931, P. L. 1206.

If it had been intended to permit such a substitution in the audit of school finances, it is not likely that the appointing power would have been vested in the school board whose finances the accountant would be called upon to audit. Examination of the acts of assembly discloses that it has been the consistent policy of the legislature to have auditing officers elected by the people or appointed by persons other than the body whose accounts are to be examined.

Therefore, we advise you that the appointment of a certified public accountant under section 2603 of the School Code does not do away with the official audit required by law to be made by the proper auditing officers of the municipality in which the school district is located.     From C. P. Addams, Harrisburg, Pa.